IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMAL CHE GLENN,

    Plaintiff,

vs.   Case No. 5:02cv158-MP/WCS

TIMOTHY A. COPELAND,
OFFICER LOPRESTI,
SGT. PALAZZOLO,
SGT. DELANEY F. STOE,
WARDEN HENRY D. ALFORD,
OFFICER M. ROGERS,
and NURSE MARIA HALL,

    Defendants.

_____/

## O R D E R

Plaintiff, proceeding *pro se*, filed a motion for status conference. Doc. 130. Plaintiff states in his motion that the undersigned issued a report and recommendation denying Plaintiff's motions to amend and supplement the complaint. *See* doc. 97. Plaintiff filed objections to the report and recommendation, doc. 107, as did the Defendants, doc. 109. Plaintiff complains that no ruling has been made yet on the pending motion and report and recommendation. It appears that due to an oversight, the pending motion and report and recommendation and related objections were not

referred to the district judge.  Having been advised of this problem by Plaintiff, this order directs the Clerk to immediately refer those documents to the assigned district judge. As a ruling will be entered in the near future, Plaintiff's motion for status conference is denied.  Should Plaintiff's motion to amend be permitted and the report and recommendation be rejected, Plaintiff may renew the motion for status conference.

As noted in the order entered on July 20, 2005, the parties were given until July 27, 2005, in which to file motions for additional discovery.  Doc. 117.  Only Plaintiff filed a motion for limited discovery, doc. 125.  Plaintiff's motion, however, did not have attached the two exhibits referenced.  Thus, the July 20th Order stated that no ruling would be issued as yet and Plaintiff would be given until **August 12, 2005**, to file a corrected motion which contained all necessary exhibits or attachments.  Because Plaintiff was being given more time to submit a discovery motion, Defendants were afforded the same courtesy and also have until **August 12, 2005**, in which to file a motion for additional discovery if desired.[1]  All proposed discovery requests must be attached to the motion.  The parties shall not file a reply to the opposing party's motion for discovery until directed to do so by the Court.

After any discovery period which may be provided, the parties will be given further direction as to filing their respective pre-trial statements, witness lists, and the like.  It is expected that regardless of subsequent discovery, this case will proceed to trial in the fall of 2005.

---

[1] The parties must show good cause to engage in additional discovery which means they must demonstrate there is a need for the materials sought, the materials are relevant to developing material issues not already covered through the special report process, the information is not otherwise available to the party, and the discovery is necessary to provide a full and fair hearing on the merits.  See doc. 127.

Case No. 5:02cv158-MP/WCS

Accordingly, it is **ORDERED:**

1. Ruling remains **DEFERRED** on Plaintiff's motion for limited discovery, doc. 125.

2. The parties have until **August 12, 2005**, to file motions detailing the scope and nature of any further discovery necessary, and showing good cause for a need to conduct such discovery.

3. Plaintiff's motion for status conference, doc. 130, is **DENIED**.

4. The Clerk shall immediately refer Plaintiff's motion to amend, doc. 95, the report and recommendation, doc. 97, and the parties' objections, docs. 107 and 109.

5. The Clerk shall return this file to the undersigned on August 12, 2005.

**DONE AND ORDERED** on August 11, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**