IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMAL CHE GLENN,

    Plaintiff,

v.                                              Case No. 5:02cv158-RS/WCS

CAPT. TIMOTHY A. COPELAND,
OFFICER LOPRESTI,
SGT. PALAZZOLO,
SGT. DELANEY F. STOE,
WARDEN HENRY D. ALFORD,
SGT. M. ROGERS,
and NURSE MERIDA HALL,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 204.)

**I.  FACTS**

    Plaintiff Jamal Che Glenn is a state prisoner who was confined at Washington Correctional Institution ("WCI") in Chipley, Florida, at the time the events giving rise to his complaint occurred. Defendants are WCI employees. Plaintiff alleges that on November 2, 2001, Defendant Stoe, at the direction of Defendant Copeland and in the presence of the other Defendants (other than Defendant Alford), unlawfully applied chemical agents to his body. Plaintiff contends that the chemicals were used against him in retaliation for filing grievances and "initiat[ing] procedures seeking administrative review" against Defendant Copeland. Plaintiff complains of long-term physical, mental, emotional, and medical damages caused by exposure to the chemicals. Specifically, Plaintiff claims that his "sight has been affected in that his ability to focus and re-focus at long distances has severely been impaired, colors once vivid have dulled considerably, and a pre-existent skin condition known as vitiligo has been exacerbated by the

application of said chemicals." (Doc. 39:7 ¶ 30.)  Alleging that Defendants used excessive force against him in violation of the First and Eighth Amendments as well as Florida law, Plaintiff seeks compensatory and punitive damages.

      Defendants filed a Motion for Partial Summary Judgment (Doc. 204) on May 19, 2006.  The Motion seeks summary judgment on Plaintiff's claims of long-term physical, mental, emotional, and medical damages.  Defendants, based on the medical opinion of Michael Lee Dupuis, M.D., contend that the chemical to which Plaintiff was exposed - oleoresin capsicum - causes no long-term physical injuries.  Defendants also assert that because Plaintiff suffered no long-term physical injuries, his claims for long-term mental and emotional damages are barred by Section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), which prevents a prisoner from commencing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff filed no response to the Motion for Partial Summary Judgment.

## II.  DISCUSSION

### A. The Summary Judgment Standard

      Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit."  Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)).  "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Tipton, 965 F.2d at 998 (citing Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251, 106 S. Ct. at 2511)).

If the movant satisfies its initial burden under Rule 56(c) by demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).  Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton, 965 F.2d at 998 (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S. Ct. at 2513 (citing Adickes, 398 U.S. at 158-59, 90 S. Ct. at 1609).  In light of the summary judgment standard, this Court will apply the relevant substantive law to the facts of the case.

**B. Substantive Law**

    **1. Long-Term Physical and Medical Damages**

The burden rests upon Plaintiff to provide evidence supporting his claims of long-term physical and medical damages. Plaintiff has failed to disclose any evidence, other than his own testimony, to support his contention that he suffered long-term physical and medical damages caused from chemical exposure on November 2, 2001.

Defendants contend that the chemical to which Plaintiff was exposed on November 2, 2001, was oleorosin capsicum ("OC"), also known as pepper spray. Defendants submitted an affidavit (Doc. 205-2) and deposition testimony (Doc. 205-4) from Michael L. Dupuis, M.D. Dr. Dupuis stated that he reviewed Plaintiff's allegations of long-term adverse health effects resulting from exposure to OC and Plaintiff's medical records from the time period before and after the exposure. Dr. Dupuis also considered the composition of the specific OC that was applied to Plaintiff. Dr. Dupuis concluded that exposure to capsaicin, the active ingredient in OC, generally results in no long-term health effects; that Plaintiff's alleged skin and eye conditions preceded his exposure to OC and were neither caused by nor exacerbated by exposure to OC; that Plaintiff's alleged medical injuries could not have been caused by OC; that there is no causation between OC and the type of long-term injuries and damages alleged by Plaintiff; that Plaintiff's claim of long-term injuries resulting from OC and the other chemicals found in OC lacks scientific support; and that Plaintiff's claim of long-term injuries resulting from exposure to capsaicin and the other chemicals found in OC is inconsistent with accepted medical science. (Doc. 205-2.)

Plaintiff filed no response to Defendants' Motion for Partial Summary Judgment and no statement of facts disputing Dr. Dupuis's testimony. Under Local Rule 56.1 which addresses motions for summary judgment, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party." In addition, under Local Rule 7.1(C)(1), "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." Because Plaintiff has failed to rebut the conclusions of Dr. Dupuis contained in Defendants' Statement of Material

Facts within their Motion for Partial Summary Judgment, Dr. Dupuis's conclusions are deemed to be admitted by Plaintiff. In addition, because Plaintiff did not file a response to the Motion for Partial Summary Judgment, sufficient cause exists to grant the Motion. Nevertheless, because Plaintiff is a pro se plaintiff, this Court makes an independent finding that Dr. Dupuis's conclusions are reliable.

Dr. Dupuis has been a licensed physician for approximately 33 years. He is board certified in emergency medicine and family practice. Plaintiff was given the opportunity to and did, in fact, cross-examine Dr. Dupuis during Dr. Dupuis's deposition. Dr. Dupuis stated that capsaicin is a naturally occurring substance, the ingredients of which include trace quantities of finely ground, naturally occurring pepper. Capsaicin is used for a variety of purposes including seasoning food, use in medical products used to treat arthritis, and use in non-lethal defense sprays. Dr. Dupuis stated that OC can produce irritation, watering of the eyes, redness, swelling, peeling of the skin, a runny nose, coughing, sneezing, and difficulty breathing. According to Dr. Dupuis, the adverse symptoms associated with OC exposure are transient. Based on the uses, properties, and effects on the human body associated with capsaicin and OC, it appears highly unlikely that OC would have caused the long-term ocular and epithelial symptoms of which Plaintiff complains. Indeed, Plaintiff has never been medically diagnosed with vitiligo or myopia. Defendants are entitled to summary judgment on Plaintiff's claim of long-term physical and medical damages.

### 2. Long-Term Mental and Emotional Damages

Defendants next contend that because this Court has adjudged Plaintiff's claims for long-term physical and medical damages in Defendants' favor, partial summary judgment in Defendants' favor is also warranted on Plaintiff's claims of long-term mental and emotional damages. Defendants base this conclusion on Section 1997e(e) of the Prison Litigation Reform Act which states that

> Limitation on Recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Defendants contend that because Defendant has failed to prove that he suffered long-term physical injuries, his request for damages for long-term mental and emotional injuries is barred by 42 U.S.C. § 1997e(e).  This contention is without merit.  The condition precedent that Defendants must satisfy in order to invoke the § 1997e(e) limitation on recovery for mental or emotional injury is the absence of a "prior showing of physical injury."  Here, Defendants' Motion for Partial Summary Judgment sought partial summary judgment only on Plaintiff's *long-term* physical injuries.  That is not to say, however, that Plaintiff did not suffer short-term physical injuries associated with exposure to OC.  Section 1997e(e) does not distinguish between physical injuries that are short-term and physical injuries that are long-term.  Presumably then, *any* physical injury, even if short-term, is sufficient to permit Plaintiff to recover damages for long-term mental or emotional injury.  Defendants have not requested that this Court grant partial summary judgment with respect to *all* alleged physical injuries, including those that are short-term; rather, they have requested that this Court grant partial summary judgment only with respect to Plaintiff's alleged *long-term* physical injuries.  Indeed, Plaintiff alleges that he experienced respiratory difficulties, impaired eyesight, and extensive nasal discharge immediately following exposure to OC.  Whether Plaintiff did experience these symptoms and whether these experiences even qualify as "physical injuries" have not been addressed by Defendants.  Therefore, granting partial summary judgment in favor of Defendants on Plaintiff's long-term mental and emotional damages claim would be improper.

In addition, § 1997e(e) applies only to a "federal civil action."  Plaintiff's action, although commenced in federal court, is based on both federal and state law.  Plaintiff asserts claims for assault, battery, and negligence under Florida law.  Therefore, even if partial summary judgment were granted in Defendants' favor on the issue of Plaintiff's long-term mental and emotional damages with respect to his First and Eighth Amendment claims, Defendants have not addressed whether such judgment would also preclude Plaintiff from recovering for long-term mental and emotional damages with respect to his state law claims.

## III.  CONCLUSION

Defendants' Motion for Partial Summary Judgment (Doc. 204) is granted in part and denied in part as follows:

1.  Defendants request for partial summary judgment on Plaintiff's claims for long term physical and medical damages is **granted**.

2.  Defendants request for partial summary judgment on Plaintiff's claims for long term mental and emotional damages is **denied**.


**ORDERED** on June 9, 2006.

<u>/s/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**