IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMAL CHE GLENN,

    Plaintiff,

v.                                          Case No. 5:02cv158-RS/WCS

CAPT. TIMOTHY A. COPELAND,
OFFICER LOPRESTI,
SGT. PALAZZOLO,
SGT. DELANEY F. STOE,
WARDEN HENRY D. ALFORD,
SGT. M. ROGERS,
and NURSE MERIDA HALL,

    Defendants.
_____/

## ORDER ON DEFENDANT WARDEN HENRY D. ALFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Warden Henry D. Alford's Motion for Partial Summary Judgment (Doc. 212.)

### I.  FACTS

Pro se Plaintiff Jamal Che Glenn is a state prisoner who was confined at Washington Correctional Institution ("WCI") in Chipley, Florida, at the time the events giving rise to his complaint occurred. Defendants are WCI employees. Plaintiff alleges that on November 2, 2001, Defendant Stoe, at the direction of Defendant Copeland and in the presence of the other Defendants (other than Defendant Alford), unlawfully applied chemical agents to his body. Plaintiff contends that the chemicals were used against him in retaliation for filing grievances and "initiat[ing] procedures seeking administrative review" against Defendant Copeland. Plaintiff complains of physical, mental, emotional, and medical damages caused by exposure to the chemicals. Alleging that excessive force was used against him in violation of the First, Eighth, and Fourteenth Amendments as well as Florida law, Plaintiff seeks compensatory and punitive damages.

Defendant Alford was the warden at WCI during the relevant time period. The Fourth Amended Complaint (Doc. 39) alleges that Defendant Alford "pursu[ed] a policy or practice of abusing chemical agents by applying said chemicals to the persons of inmates without need or provocation"; "previously the Plaintiff and other inmates had filed grievances, or otherwise provided notification to defendant Alford concerning defendant Copeland and the close management team's abusive use of chemical agents to punish inmates"; "Defendant Alford failed to take corrective or disciplinary action against them or otherwise control their behavior . . . [but] authorized this use of force and same was not videotaped." The Fourth Amended Complaint concludes that "[t]he failure of defendant Alford to take disciplinary or other action to curb the known pattern of abuse of chemical agent applications to the persons of inmates under his care by defendant Copeland and members of the close management escort team constitutes deliberate indifference as the detrimental affects [sic] of said chemicals is known or reasonably should have been known to Alford"; "[a]dditionally, Alford owed Plaintiff a duty pursuant to [Fla. Stat.] § 944.09(2) to enforce all rules of the Department of Corrections and the institution. Department rule 33-602.210(2) states in pertinent part that, 'all authorized use of force will be videotaped in their entirety.' Chapter 33-602.210(2) Fla. Administrative Code. Alford failed in that duty . . . This breach of duty constitutes negligence."

Defendants filed a special report (Doc. 65), which was construed as a motion for summary judgment (Doc. 74.) The special report sought summary judgment on all claims against Defendants, including the claims against Defendant Alford. In his Third Report and Recommendation (Doc. 111), Magistrate Judge Sherrill denied Defendants' request for summary judgment on Plaintiff's claims against Defendant Alford. Judge Sherrill stated:

> Plaintiff has come forward with enough evidence that there is a pattern of prison staff using excessive force against inmates, and that this is known to Defendant Alford, the warden over the institution at the time. Plaintiff has provided sufficient evidence to maintain his claim against Defendant Alford of permitting a practice and custom of excessive force to exist. Significant to this conclusion is the dramatic increase in use of chemicals and the decision not to videotape incidents of the use of chemicals, even though all of the other procedures for

> documenting a 'use of force' are followed. As such, Plaintiff's theory of liability is not premised on respondeat superior, but rather 'on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict . . . .' Orpiano v. Johnson, 632 F.2d 1096, 1101 (4th Cir. 1980), cert. denied 450 U.S. 929 (1981); quoted in Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied 470 U.S. 1035 (1985). 'A supervisor's continued inaction in the face of documented widespread abuses, . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates.' Slakan, 737 F.2d at 373.
>
> Defendants have challenged Plaintiff's claim against Defendant Alford as being presented on a theory of respondeat superior. As explained above, that is inaccurate. Because Plaintiff has shown a genuine dispute of material fact as to Defendant Alford's knowledge, at least tacit approval of the use of this type of physical force, and whether Defendant Alford permitted an unlawful practice to become an accepted custom, both Plaintiff and Defendants' summary judgment motions must be denied.

(Doc. 111:19-20.)  The Third Report and Recommendation was adopted by District Judge Maurice Paul on March 9, 2005 (Doc. 114.)

On October 13, 2005, Plaintiff filed an Amended Motion for Discovery (Doc. 151) requesting, in relevant part, permission to obtain answers from Defendant Alford to interrogatories.  Despite his Third Report and Recommendation and its adoption by Judge Paul, Magistrate Judge Sherrill nevertheless denied Plaintiff's request, stating that

> Much of the information Plaintiff seeks concerns allegations that the use of chemical agents greatly increased after Defendants Alford and Copeland arrived at the institution, whether use of force incidents are videotaped, and particular instances of chemical agents being used on other inmates. Those issues are not part of this case. The issue here is the manner in which chemical agents were administered, the reason for this use of force, and post use of force treatment.

(Doc. 152:3.)

Plaintiff objected to Magistrate Judge Sherrill's October 13, 2005 Order.  (Doc.

154.) Before this Court could even rule on Plaintiff's objection, however, the parties filed their Report of Pre-Trial Meeting of the Parties ("Report") on February 27, 2006 (Doc. 173-1.) In the Report, the parties stipulated that

> [t]he legal claims . . . are those claims articulated in the Magistrate Judge's Order filed October 13, 2005 (doc. 152) in which the court specified that the issues presented in this case are (1) the manner in which chemical agents were administered, (2) the reason for the use of force, and (3) the post use of force treatment . . . The issues of 'whether the use of force incidents are videotaped, and particular instances of chemical agents being used on other inmates . . . are not part of this case.'
>
> Accordingly, the parties have stipulated that the legal issues for determination are Plaintiff's retaliation claim under the First Amendment, his excessive use of force claim under the Eighth Amendment, and his denial of medical care claim under the Eighth Amendment.  Plaintiff also has a Fourteenth Amendment claim, which allows for the application of the First and Eighth Amendment claims to the Defendants.
>
> Plaintiff specified in the parties' meeting that he believed he had certain objections to prior discovery orders, which have not yet been ruled upon, and the undersigned specified that Defendants have no objection to Plaintiff filing a motion with the Court as to those objections that Plaintiff believes have not yet been ruled upon.

(Doc. 173-1:2-3 ¶ 5-7.)  Attached as Exhibit C to the Report of Pre-Trial Meeting (Doc. 173-2) was a document handwritten and signed by Plaintiff entitled "Agreed Legal Claims."  The document states that

> [t]he parties agree that the legal claims at issue are limited to the following constitutional claims: 1) First Amendment Retaliation Claim; 2) Eighth Amendment failure to provide adequate medical treatment; 3) Eighth Amendment excessive force claim; and 4) Fourteenth Amendment, which makes the states subject to the requirements of the First and Eighth Amendments of the U.S. Constitution.

(Doc. 173-2:4, Exh. C.)  Based on Plaintiff's purported stipulation to Magistrate Judge Sherrill's Order of October 13, 2005, District Judge Richard Smoak denied Plaintiff's objections to that Order (Doc. 175.)

Plaintiff then filed a Motion for Clarification of Issues Presented on April 14, 2006 (Doc. 184.)  In that Motion, Plaintiff acknowledged his stipulation to the claims articulated by the Magistrate Judge's Order of October 13, 2005; however, he stated that "Plaintiff and counsel for defendants had different ideas of which claims the Magistrate Judge articulated."  (Doc. 184:2 ¶ 7.)  Plaintiff explained that "Defendants are relying on the claims articulated in [the Magistrate Judge's October 13, 2005 Order (Doc. 152)] and Plaintiff is relying on [the Third Report and Recommendation (Doc. 111)]."  (Doc. 184:2 ¶ 8.)  Plaintiff noted that "these two orders are incompatible and confusing." (Doc. 184:2 ¶ 9.)  Plaintiff requested clarification on "whether he will be allowed to introduce evidence concerning the 'dramatic increase in the use of chemical agents and the decision not to videotape incidents of the use of chemicals.'  If the Court finds that the more restricted issues articulated in doc. 152 prevail, is it [sic] then advisable to dismiss the claims against defendant Alford, as Plaintiff will then have no evidence to present in support of those claims."  (Doc. 184:3 ¶¶ 11-12.)

In its Order dated April 28, 2006, Judge Smoak clarified that the issues for trial are those issues that are set forth in Exhibit C to the Report of the Pretrial Meeting (Doc. 192.)  Those issues, as stated in the Report of the Pretrial Meeting, stipulated to by both parties, and mirrored in Judge Smoak's Order, include: "1. First Amendment retaliation claim; 2.  Eighth Amendment failure to provide adequate medical treatment; 3. Eighth Amendment excessive force claim; and 4. Fourteenth Amendment, which makes the state subject to the requirements of the First and Eighth Amendments of the U.S. Constitution."

Defendants filed a Motion for Partial Summary Judgment (Doc. 212) on June 6, 2006.  The Motion seeks summary judgment on all of Plaintiff's claims against Defendant Alford, the warden at WCI during the relevant time period.  The Motion contends that summary judgment in Defendant Alford's favor is warranted because (1) the parties stipulated that Plaintiff's claims are limited to constitutional claims which do not implicate Defendant Alford; (2) the Court has precluded Plaintiff from asserting claims against Defendant Alford; and (3) "[n]one of the legal claims for trial involves any allegation or issue involving Warden Henry D. Alford" because "Warden Henry D. Alford was not involved in the event immediately leading up to or including the use of force on

Plaintiff on November 2, 2001."

Plaintiff filed a Motion to Set Aside Portions of the Report of Pre-Trial Meeting of Parties and/or Relief From Erroneous Stipulations (Doc. 222) on June 12, 2006.  In that Motion, Plaintiff alleges only that (1) he intends to call witnesses in addition to those listed in the Report of Pre-Trial Meeting and that defense counsel's representation in the Report that Plaintiff intended only to call himself and possibly Defendant Lopresti as witnesses was a misrepresentation; and (2) that he erroneously stipulated to limiting the issues for trial to his constitutional claims without realizing that this could preclude him from presenting his state law claims to the jury.  Notably, Plaintiff did not contend in the Motion that he erroneously stipulated to that portion of Magistrate Judge Sherrill's Order of October 13, 2005 (Doc. 152) which stated that "allegations that the use of chemical agents greatly increased after Defendants Alford and Copeland arrived at the institution, whether use of force incidents are videotaped, and particular instances of chemical agents being used on other inmates . . . are issues [that] are not part of this case."

Plaintiff filed a Response to the Motion for Partial Summary Judgment on June 12, 2006 (Doc. 223.).  Plaintiff contends that summary judgment in Defendant Alford's favor is improper for three reasons: (1) Defendant Alford failed to comply with Local Rule 56.1(A) which requires a motion for summary judgment to be accompanied by a "separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried"; (2) Defendant Alford's representation in his Motion for Partial Summary Judgment that Plaintiff agreed to limit the issues for trial to those not involving Defendant Alford is a misrepresentation; and (3) Defendant Alford is estopped from relitigating the issue of whether Plaintiff has made a sufficient showing of supervisory liability because the Magistrate Judge's Third Report and Recommendation (Doc. 111), adopted in its entirety by District Judge Paul, concluded that "Plaintiff has provided sufficient evidence to maintain his claim against Defendant Alford . . ." (Doc. 111:19.)

## II.  DISCUSSION

### A. The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Tipton, 965 F.2d at 998 (citing Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251, 106 S. Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251, 106 S. Ct. at 2511)).

If the movant satisfies its initial burden under Rule 56(c) by demonstrating the

absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) (emphasis omitted). Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton, 965 F.2d at 998 (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S. Ct. at 2513 (citing Adickes, 398 U.S. at 158-59, 90 S. Ct. at 1609). In light of the summary judgment standard, this Court will apply the relevant substantive law to the facts of the case.

**B. The Substantive Law**

Defendant Alford contends that summary judgment in his favor is warranted because (1) the parties stipulated that Plaintiff's claims are limited to constitutional claims which do not implicate Defendant Alford; (2) the Court has precluded Plaintiff from asserting claims against Defendant Alford; and (3) "[n]one of the legal claims for trial involves any allegation or issue involving Warden Henry D. Alford" because "Warden Henry D. Alford was not involved in the event immediately leading up to or including the use of force on Plaintiff on November 2, 2001."

With respect to Defendant Alford's first contention, nowhere in the record is it apparent that Plaintiff agreed to limit his claims to constitutional issues which do not implicate Defendant Alford. In the Report of the Pre-Trial Meeting Plaintiff stipulated only that

> [t]he legal claims . . . are those claims articulated in the Magistrate Judge's Order filed October 13, 2005 (doc. 152) in which the court specified that the issues presented in this case are (1) the manner in which chemical agents were administered, (2) the reason for the use of force, and (3) the post use of force treatment . . . The issues of 'whether the use of force incidents are videotaped, and particular instances of chemical agents being used on other inmates . . . are not part of this case.'

(Doc. 173-1:2 ¶ 5.)  Absent from this stipulation is any reference to Defendant Alford himself.  The stipulation does not even mention Defendant Alford.  The Court has no reason to doubt that this stipulation is accurate because Plaintiff did not assert that the stipulation was erroneous or a misrepresentation in his Motion to Set Aside Portions of the Report of Pre-Trial Meeting of Parties and/or Relief From Erroneous Stipulations (Doc. 222) filed on June 12, 2006.  When Plaintiff sought clarification on the issues to be tried (Doc. 184), Judge Smoak's Order simply mirrored the language used and agreed to by the parties themselves in the Report of Pre-Trial Meeting of Parties in order to insure consistency and accuracy.  The issues to be tried, per stipulation of the parties in the Report of the Pre-Trial Meeting and Judge Smoak's Order dated April 28, 2006, include claims arising under the First, Eighth, and Fourteenth Amendments (Doc. 192.)  Contrary to the assumptions of Plaintiff and Defendants, the limitation of Plaintiff's claims to those arising under the Constitution does <u>not</u> prevent Plaintiff from maintaining a claim against Defendant Alford.  Indeed, it is precisely because the issues involved in this case are alleged violations of Plaintiff's constitutional rights that Defendant Alford may be held liable.  This is so because "[s]upervisor liability [under 42 U.S.C. § 1983] occurs either when the supervisor personally participates in the alleged *constitutional* violation or when there is a causal connection between actions of the supervising official and the alleged *constitutional* deprivation."  <u>Braddy v. Florida Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 802 (11th Cir. 1998) (emphases added.)  Thus, Defendant Alford's liability, if any, *arises* from the alleged violations of Plaintiff's constitutional rights, and it is undisputed by both parties that those constitutional issues - the First, Eighth, and Fourteenth Amendments - are part of this case.  Thus, the stipulations by both parties that the issues in this case involve the First, Eighth, and Fourteenth Amendments provide a basis for holding Defendant Alford liable.  Therefore, Defendant Alford's first contention that he cannot be liable because Plaintiff's claims are limited to constitutional claims is without merit.

Defendant Alford's second contention that "the Court has precluded Plaintiff from asserting claims against Defendant Alford" is also without merit.  In fact, the Court has specifically permitted Plaintiff to assert a claim against Defendant Alford.  Magistrate Judge Sherrill's Third Report and Recommendation (Doc. 111), adopted in its entirety

by District Judge Paul (Doc. 114), denied summary judgment on Defendants' Special Report (Doc. 65) and ruled that

> Plaintiff has come forward with enough evidence that there is a pattern of prison staff using excessive force against inmates, and that this is known to Defendant Alford, the warden over the Institution at the time. Plaintiff has provided sufficient evidence to maintain his claim against Defendant Alford of permitting a practice and custom of excessive force to exist.

(Doc. 111:19.) Thus, Defendant Alford's second contention is without merit.

Defendant Alford's final contention, that "[n]one of the legal claims for trial involves any allegation or issue involving Warden Henry D. Alford" because "Warden Henry D. Alford was not involved in the event immediately leading up to or including the use of force on Plaintiff on November 2, 2001" is also without merit. Nowhere in any order of this Court or stipulation of the parties is Defendant Alford excepted from liability because Defendant Alford "was not involved in the event immediately leading up to or including the use of force on Plaintiff." Although it is undisputed that Defendant Alford was not *directly* involved in the use of force on Plaintiff on November 2, 2001, Defendant Alford may still be held liable under the theory of supervisory liability that is articulated in Braddy, supra, further explained in Magistrate Judge Sherrill's Third Report and Recommendation, and adopted by District Judge Paul (Doc. 114.) Based on the three arguments that are articulated by Defendant Alford in his Motion for Partial Summary Judgment and this Court's obligation to construe the record in the light most favorable to Plaintiff, Defendant Warden Henry D. Alford's Motion for Partial Summary Judgment must be denied.

## CONCLUSION

Defendant Warden Henry D. Alford's Motion For Partial Summary Judgment (Doc. 212) is **denied**.

**ORDERED** on June 19, 2006.

        <u>**/s/ Richard Smoak**</u>
        **RICHARD SMOAK**
        **UNITED STATES DISTRICT JUDGE**